IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMAL BROOKS )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>FIRST ADVANTAGE BACKGROUND )<br>SERVICES CORPORATION )<br>Defendant. )<br>) | Civil Action No. |

# COMPLAINT

## I. Preliminary Statement

1. This is an action for damages brought by an individual consumer against the Defendant for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §1681 *et seq.*, *as amended*. Under the FCRA, "consumer reports" subject to the statute's protections include not simply those used in establishing the consumer's eligibility for credit, but also those used for "employment purposes." 15 U.S.C. § 1681a(d)(1)(B).

2. Defendant First Advantage Background Services Corporation ("First Advantage") is a consumer reporting agency which provides background and employment screening services, and decision-making intelligence to prospective employers.

3. The FCRA was enacted "to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy," 15 U.S.C. § 1681(a)(4), by operating "in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy" of the consumer information they disseminate. 15 U.S.C. § 1681(b). Congress included in the statutory scheme a series of protections that impose strict procedural rules on consumer reporting agencies such as First

Advantage. This action involves Defendant First Advantage's systematic violation of several of those important rules.

## II. Jurisdiction and Venue

4. Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C. §§ 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

5. Venue lies properly in this district pursuant to 28 U.S.C. §1391(b).

## III. Parties

6. Plaintiff Jamal Brooks is an adult individual who resides in Commonwealth of Pennsylvania.

7. Defendant First Advantage is a consumer reporting agency which provides background and employment screening services, risk-management services and products, information management products and services, and decisions-making intelligence. First Advantage regularly conducts business in the Eastern District of Pennsylvania, and has a principal place of business at 1000 Alderman Drive, Alpharetta, GA 30005.

## IV. Factual Allegations

8. Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's criminal history to third parties (hereafter the "inaccurate information").

9. The inaccurate information includes a false criminal history labeling the Plaintiff as a convicted felon, and inaccurate personal identifying information. Specifically, inaccurate information includes, but is not limited to, criminal convictions for "Intentional Possession of a Controlled Substance by Person not Registered," "Robbery-Inflict Threat Bodily Injury" and

"Manufacture, Delivery, or Possession with Intent to Manufacture or Deliver," that do not belong to Plaintiff, but instead to Jamil Brooks.

10. The inaccurate information negatively reflects upon the Plaintiff, and misidentifies Plaintiff as a person who has a criminal background. It appears that Defendant has confused Plaintiff with a person with a similar name and has, as a result of its unreasonable procedures, mixed Plaintiff's background information with that of a convicted felon.

11. Defendant has been reporting the inaccurate information through the issuance of false and inaccurate background information and consumer reports that it has disseminated to various persons and prospective employers, both known and unknown.

12. Plaintiff has applied for and has been denied employment opportunities, including but not limited to, an employment opportunity with Lowes in April 2015 and an employment opportunity with Costco in November 2015. Plaintiff has been informed that the basis for these denials was the inaccurate information that appears on Plaintiff's consumer reports with Defendant and that the inaccurate information was a substantial factor for that denial.

13. Further, Defendant First Advantage did not provide Plaintiff with notice that it had prepared a consumer report about Plaintiff and did not send Plaintiff a copy of the report that it prepared as required by 15 U.S.C. § 1681k(a)(1).

14. Additionally, Defendant does not maintain strict procedures designed to insure that the public records information it reports is complete and up to date, as required by 15 U.S.C. § 1681k(a)(2). If Defendant had maintained such procedures, it would not have felony convictions which belong to another individual reporting on Plaintiff's consumer report.

15. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost employment opportunity, harm to reputation, emotional distress, including anxiety, frustration, humiliation and embarrassment.

16. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

17. At all times pertinent hereto, the conduct of the Defendant as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## V. CLAIMS

### COUNT ONE - FCRA

18. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

19. At all times pertinent hereto, Defendant was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

20. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

21. At all times pertinent hereto, the above-mentioned reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

22. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant First Advantage is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b) and § 1681k.

23.     The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## VI. JURY TRIAL DEMAND

24.     Plaintiff demands trial by jury on all issues so triable.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a)     Actual damages;

(b)     Statutory damages;

(c)     Punitive damages;

(d)     Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§1681n and 1681o; and

(g) Such other and further relief as may be necessary, just and proper.

                                  Respectfully submitted,

                                  **FRANCIS & MAILMAN, P.C.**

BY:   _/s/ Mark D. Mailman_
       MARK D. MAILMAN, ESQUIRE
       GEOFFREY H. BASKERVILLE, ESQUIRE
       Land Title Building, 19th Floor
       100 South Broad Street
       Philadelphia, PA 19110
       (215) 735-8600

       Attorneys for Plaintiff

Dated: May 26, 2016